Charles R. Thom, J.
Application by defendant for (1) a protective order vacating plaintiff’s notice to depose defendant until defendant completes its deposition of plaintiff; (2) an order precluding plaintiff from giving evidence at the trial of this action of items not furnished by plaintiff pursuant to defendant’s demand for a bill of particulars; and (3) a determination as to whether the architect sought to be examined by *1095 defendant is the agent of the plaintiff herein or an independent contractor.
That portion of defendant’s application seeking a protective order is granted to the extent that the plaintiff shall not proceed with its examination before trial of the defendant until such time as defendant has completed its examination before trial of the plaintiff as hereinafter provided.
That portion of defendant’s application for an order of preclusion is granted unless the plaintiff serves a bill of particulars, in accordance with the demand, within 45 days after service of a copy of the order to be entered hereon with notice of entry.
The parties are in substantial agreement that special circumstances exist which would warrant an examination by defendant of representatives of Frederic P. Wiedersun Associates, the Árchitects-Engineers (hereinafter referred to as the “ Architect ”) under the general construction contract between the parties dated July 23, 1965. The parties however, disagree on the status of the architect. Plaintiff contends that the status of the architect is that of independent contractor and defendant contends that the architect is the agent of the plaintiff.
Articles “46” and “47” of the contract read as follows:
“ ARTICLE 46-ARCHITECT’S STATUS
“ 1. The Architect is the Owner’s representative and will observe the work in process on behalf of the Owner. He shall have authority to act on behalf of the Owner only to the extent expressly provided in the Contract Documents, or otherwise in writing which shall be shown to the Contractor. He shall have authority to stop the work whenever such stoppage may be necessary in his reasonable opinion to insure the proper execution of the Contract.
“ 2. The Architect is, in the first instance, the interpreter of the conditions of the Contract and the judge of its performance, he shall side neither with the Owner nor with the Contractor, but shall use his powers under the Contract to enforce its faithful performance by both.
“ ARTICLE 47 — ARCHITECT’S DECISION
‘‘1. The Architect shall, within a reasonable time, make decisions on all claims of the Owner or Contractor and on all other matters relating to the execution and progress of the work or the interpretation of the Contract Documents.
“2. In order to prevent all disputes and litigations, the Architect shall, in all cases, determine the amount and/or quality of *1096 the several kinds of work and materials that are to be paid for under the Contract and he shall determine all questions in relation to the work and materials and the construction. He shall in all cases decide every question that may arise relative to the execution of the Contract on the part of the Contractor and his estimate and decision shall be final and conclusive upon the Contractor. Further, his estimate and decision, in the case of any question that may arise, shall be a condition precedent to the right of the Contractor to receive any money under the Contract.
“ 3. The Architect’s decision, in matters relating to artistic effect, shall be final, if within the terms of the Contract Documents.”
The court is of the opinion that the language contained in paragraph number one of article 46 clearly establishes the status of the architect as that of the agent for the plaintiff. While paragraph number 2 of the same article casts the architect in a secondary role of arbiter, the same does not affect his status as agent of the plaintiff, nor does any of the qualifying language of article 47 of the contract contradict the conclusion that the architect is the agent of the plaintiff.
Accordingly, the plaintiff is directed to produce the person or persons of the architect, having knowledge of the facts concerning the subject matter of this action, at an examination before trial by defendant at a date, time and place to be specified in the order to be submitted hereon.